**CORBY, GDSHP, In re**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16945. Decided May 22, 1939

Squire, Sanders & Dempsey, Cleveland, for appellant.

Ray T. Miller, Cleveland; D. W. Kling, Cleveland; G. C. Hosford, Cleveland, for appellee.

**OPINION**

PER CURIAM:

The applicant below, the Bonding Company, was surety for a prior guar-

dian. As a part of this surety contract, assets of the ward's estate were deposited with a bank under dual control of the Bonding Company and the guardian obviously for the protection of the Surety Company.

While a suit was pending in the Kentucky courts against said Bonding Company and said guardian for taxes on the assets of the estate of the ward, a contract was entered into between the Bonding Company, the guardian and several banks, by the terms of which these assets should be deposited in a safety box of The Central National Bank of Cleveland, and upon the final termination of the litigation in Kentucky such amount of said assets as were necessary to satisfy any judgment rendered should be withdrawn by said guardian and the lien of said judgment discharged. This contract was incorporated into a journal entry and approved by the Probate Court of this county in a guardianship proceeding of which said Court had unchallenged jurisdiction, in which journal entry it was decreed that in the event that said Bonding Company should be called upon to pay any sum to satisfy any judgment in the Kentucky courts, the guardian of said ward's estate should make application for authority to withdraw assets sufficient to reimburse said Company for such amount as it was compelled to pay.

The Commonwealth of Kentucky was successful in procuring a substantial judgment against said Bonding Company and guardian, which the Bonding Company was obliged to pay. Evidently the present guardian upon demand has refused to make such application in pursuance of said journal entry. Thereupon the Bonding Company filed its application in the Probate Court for an order commanding the guardian to comply with the terms of said journal entry. Objections thereto were filed and substantial reasons therefor, if true, assigned. One reason assigned was that the former guardian bonded by this applicant had been guilty of breach of trust and has dissipated the ward's estate in an amount far beyond the full amount of the bond for which this Bonding Company is liable, it is claimed.

The application was dismissed by the Probate Court for want of jurisdiction. Appeal was perfected to this court to obtain a reversal of said order of dismissal.

In the absence of statutory authority, a guardian has no legal right to hypothecate or pledge the assets of the ward's estate to procure a bond for the faithful performance of his trust, nor to subject them to any form of dual control to the same end, nor is any such attempted arrangement a proper subject matter of legal contract.

The contract relied upon by the Bonding Company as a basis and in support of this application, was void and against public policy, and the approval thereof by the Probate Court did not operate to give it legal force and effect.

The contract being illegal and the former approval thereof ineffective, the Probate Court had no warrant or jurisdiction to enforce the terms of the journal entry approving it. The contract and its court approval was a nullity.

As a consequence, the Bonding Company is remitted to the same status as any other person or corporation has that claims to be a creditor of the ward's estate. The judgment is affirmed.

MONTGOMERY, J., SHERICK, J. and LIEGHLEY, J., concur.